UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Case No. 1:18-cv-23613-Williams/Torres

| | |
|---|---|
| GUILLERMO SANTANA, and other similarly situated individuals,<br><br>    Plaintiff(s),<br><br>v.<br><br>STARWOOD HOTELS & RESORTS WORLDWIDE, INC. d/b/a The St Regis Bal Harbour Resort; STARWOOD HOTELS & RESORTS WORLDWIDE, LLC; MARRIOTT INTERNATIONAL, INC.; LUXURY ELITE CONCEPTS LLC and JILLIAN JACOBSON,<br><br>    Defendants. | |

## MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and this Court's May 7, 2019 Order (ECF 32), Defendants Marriott International, Inc. ("Marriott") and Starwood Hotels & Resorts Worldwide, LLC (formerly known as Starwood Hotels & Resorts Worldwide, Inc.) ("Starwood LLC") (collectively, the "Marriott Defendants")[1], by and through their attorneys, hereby renew their Motion to Dismiss (ECF 26) and move the Court for an order dismissing Plaintiff's Complaint in its entirety because Plaintiff has failed to comply with the Court's Notice of Court Practice in FLSA Cases and Referral to Magistrate Judge for Settlement Conference and Fairness Determination ("Standing Order") (ECF 8) and the Court's May 7, 2019 Order Granting

---

[1] Plaintiff's counsel has been informed that Starwood Hotels & Resorts Worldwide, Inc. converted to Starwood Hotels & Resorts Worldwide, LLC on September 23, 2016, when it was acquired by Marriott International, Inc. Starwood Hotels & Resorts Worldwide, Inc. no longer exists and is not a proper party to this litigation.

1

in Part and Denying in Part Plaintiff's Motion for Extension of Time to Effectuate Service ("Service Order") (ECF 31).

## I.  INTRODUCTION

Despite this Court's prior orders and Plaintiff's counsel's direct, substantive communications with counsel for Luxury Elite Concepts LLC and Jillian Jacobson (the "LEC Defendants"), Plaintiff has failed to serve the LEC Defendants with process in violation of the Court's Service Order, and Plaintiff has failed to obtain the documents and other information from them necessary to comply with the Court's Standing Order.  Plaintiff's failure in this regard has prevented the Parties from complying with the requirements set forth in the Court's Standing Order.  Accordingly, given Plaintiff's failure to comply with the Standing Order, the Court should dismiss Plaintiff's Complaint in its entirety.

## II.  RELEVANT FACTUAL BACKGROUND

Plaintiff filed this wage-and-hour action on September 5, 2018, alleging violations of the Fair Labor Standards Act ("FLSA") on behalf of himself and other individuals he claims may be similarly situated to him.  Plaintiff asserted these claims against the Marriott Defendants and the LEC Defendants, including Defendant Luxury Elite Concepts LLC's owner and managing member, Jillian Jacobson.  (*See generally* ECF 1.)  The Marriott Defendants never employed Plaintiff.  (ECF 13 ¶ 1.)  Rather, to the best of Marriott Defendants' knowledge, Luxury Elite Concepts LLC is the only entity that may have employed Plaintiff.  To date, the Marriott Defendants are unaware of any information suggesting that Plaintiff has served either Luxury Elite Concepts LLC or Jillian Jacobson.

Per the Court's Standing Order, Plaintiff filed a Statement of Claim after filing his Complaint and serving the Marriott Defendants, setting forth information related to his claims,

including the total amount of alleged unpaid wages and the calculation of such wages. (ECF 9.) On October 22, 2018, the Marriott Defendants timely responded to Plaintiff's Statement of Claim, in which they informed Plaintiff that the Marriott Defendants: (1) never employed Plaintiff or paid him compensation of any kind; (2) were therefore not in possession of any payroll documents, timesheets, paystubs, written agreements, work schedules, work logs, or any other similar documents relating to Plaintiff; and (3) thus had no way to prepare a chart of wages paid to Plaintiff or provide any estimate of the hours Plaintiff claims to have worked during any week he claims Defendants failed to pay him wages (information required by the Court's Standing Order). (*See* ECF 14.).

The Court's Standing Order also requires Plaintiff's counsel to review all payroll documents with the Plaintiff. The Standing Order then requires Plaintiff to confer with Defendants' counsel and contact Magistrate Judge Torres within seven days after the date that Defendants' response to Plaintiff's Statement of Claim was due—*i.e.*, by October 29, 2018—to schedule a date for the settlement conference. (*See* ECF 8 at 3.) The Standing Order specifically states, as a prerequisite to any settlement conference, in bold font: "**The Settlement Conference may not be scheduled until all payroll documents are exchanged between the parties and reviewed by Plaintiff's counsel with the client.**" (*Id.*)

In light of this express prohibition, counsel for the Marriott Defendants emailed Plaintiff's counsel on October 24, 2018, noting, among other things, that the settlement conference could not be scheduled yet (given that the Marriott Defendants did not have any payroll documents to provide to Plaintiff for the reasons stated above). (*See* ECF 18-1 [Email correspondence between Counsel for Marriott Defendants and Plaintiff's Counsel] at 5–6.) Plaintiff's counsel did not provide a substantive response to this email. (*Id.*) Counsel for the Marriott Defendants thereafter

sent a follow-up email to Plaintiff's counsel on October 25, 2018 but received no response. (*Id.* at 4.)

On November 6, 2018, Plaintiff's counsel contacted the Marriott Defendants' counsel and informed them that Plaintiff's counsel had contacted Magistrate Judge Torres' chambers *ex parte* to schedule a settlement conference in violation of the Court's Standing Order. (*See* ECF 18-1 at 3–4; ECF 8.)

On November 9, 2018, counsel for the Marriott Defendants contacted Plaintiff's counsel to request an explanation as to why they had requested settlement conference dates without first conferring with Defendants' counsel as required by the Court's Standing Order, and why they had done so when the required payroll documents had not been and could not be exchanged. (ECF 18-1 at 1–2.)

Plaintiff's counsel initially agreed that the settlement conference could not be scheduled without the required payroll documents, and Defendants' counsel offered to prepare a joint letter to the Magistrate Judge requesting that scheduling of the settlement conference be held in abeyance until such time as the two Defendants who would likely possess Plaintiff's time and payroll records (the LEC Defendants) were served and provided the required records to Plaintiff's counsel pursuant to the Court's Standing Order. (*Id.*)  Plaintiff, however, reversed course and took the position that the settlement conference could nonetheless take place. (*See* ECF 26-1 [Email correspondence between Marriott Defendants' counsel and Plaintiff's counsel].)

Given Plaintiff's about-face, the Marriott Defendants were forced to file a Motion to Stay the Settlement Conference on November 19, 2018, laying out the foregoing procedural history. (ECF 18.)  The Court granted the Motion in part on November 28, 2018, ordering that "the conference shall not be set before 2/15/18 [*sic*], ***so as to allow sufficient time to serve the***

4

*remaining defendants* that may be evading service.  *A settlement conference without those defendants may be unproductive*." (ECF 23 ("Stay Order") (emphasis added).)  In the more than six months since the Court's order, Plaintiff *still* has not served the LEC Defendants.

Plaintiff's failure to comply with the Court's Standing Order and the Court's Stay Order is particularly egregious given Plaintiff's disingenuous and combative approach to this litigation.  In Plaintiff's Response to the Marriott Defendants' Motion to Stay, for example, Plaintiff claimed he "ha[d] been unable to serve" the LEC Defendants, implying that the Court should thus waive the requirements of its Standing Order altogether.  (ECF 19 ¶ 3.)   However, he provided no legitimate explanation for being unable to do so.  There is no basis for Plaintiff's failure to serve the LEC Defendants, as service information for them is publicly available online through the Florida Secretary of State's Division of Corporations.  (*See* ECF 26-2 [Florida Secretary of State record for Luxury Elite Concepts LLC].)  Those records list Jillian Jacobson as Luxury Elite Concepts' registered agent and provide a Miami address at which she can be contacted.  (*Id.*)  Had Plaintiff's counsel performed a basic online search of the Division of Corporations' records, they would have found contact information for both Luxury Elite Concepts and Jillian Jacobson.

On April 26, 2019, given Plaintiff's failure to comply with the Court's Standing Order, the Marriott Defendants moved the Court for an order dismissing Plaintiff's Complaint in its entirety.  (*See* ECF 26.)  On May 3, 2019, in apparent response to the Marriot Defendants' Motion to Dismiss, Plaintiff filed a Motion for Extension of Time to Serve Process, seeking a ninety-day extension of time in which to serve the LEC Defendants.  (ECF 28.)  On May 7, 2019, the Court entered orders on these motions, ordering that: (1) "Plaintiff shall effectuate service of process on

5

[the LEC Defendants][2] on or before May 26, 2019" and evidence such service by "valid proof of service filed to the docket" (ECF 31); and (2) the Marriott Defendants Motion to Dismiss be "denied without prejudice" and that the Marriot Defendants "may renew [their] motion after the May 26, 2019 deadline to serve elapses" (ECF 32). Plaintiff's May 26, 2019 deadline to serve the LEC Defendants has since passed without Plaintiff filing any proofs of service to the docket or otherwise indicating that Plaintiff has complied with the Court's Service Order.

There is no reason Plaintiff's counsel has not served the LEC Defendants and otherwise complied with the Court's Standing Order, especially after the Court provided Plaintiff extra time to comply with this requirement via the Stay Order and then again via the Service Order. Indeed, Plaintiff's conduct is even more egregious given the express warning in the Standing Order that: "Non-compliance with any provision of this Order . . . may subject the offending party to **sanctions**, including **dismissal** of this case." (ECF 8 at C (emphasis in original).)

Accordingly, given Plaintiff's failure to comply with the requirements of the Standing Order and the Service Order, the pattern of conduct showing that Plaintiff had no intention of complying with the requirements of the Standing Order, the express warning in the Standing Order that non-compliance can lead to dismissal, and the Court's invitation for the Marriott Defendants to renew their Motion to Dismiss following Plaintiff's non-compliance with the Service Order, the Marriott Defendants hereby renew their Motion to Dismiss and seek an order dismissing Plaintiff's Complaint in its entirety under Rule 41(b), the Court's inherent authority, or both.

---

[2] The Court's Service Order only specifically requires Plaintiff to serve Defendant Jillian Jacobson; however, the Order provides that "[a]ll claims against *any Defendant* that has not been served with notice of this action by [May 26, 2019]—evidenced by valid proof of service filed to the docket—will be dismissed without prejudice[,]" effectively ordering Plaintiff to serve both LEC Defendants. (*See* ECF 31 (emphasis added).)

6

### III.     ARGUMENT AND CITATION OF AUTHORITY

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *See* Fed. R. Civ. P. 41(b). In addition to its authority under Rule 41(b), the Court "also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *See, e.g.*, *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citing *Link v. Wabash Ry.*, 370 U.S. 626, 630–31 (1962)). This authority is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts." *Harris v. Cooper*, No. 12-CV-1879, 2013 WL 3778923, at *1 (W.D. La. July 17, 2013) (citation and punctuation omitted). Courts invoke this power in a variety of circumstances, and to enforce various kinds of orders—especially where a party's non-compliance is deliberate and they have been provided notice that non-compliance can result in dismissal. *See, e.g.*, *Lewis v. Sch. Dist. # 70*, 648 F.3d 484, 488–89 (7th Cir. 2011) (affirming dismissal under Rule 41(b) where plaintiff failed to comply with court order requiring execution of settlement documents and was warned non-compliance could result in dismissal and sanctions); *Marshall v. S. Farm Bureau Cas. Co.*, 353 F.2d 737, 737 (5th Cir. 1965) (affirming *sua sponte* dismissal of complaint under Rule 41(b) after plaintiff failed to comply with court orders requiring plaintiff to file certain documents with clerk for inspection by the court); *Raymond v. Blair*, No. 09-5507, 2010 AWL 11537936, at *3 (E.D. La. Oct. 8, 2010) (dismissing complaint under Rule 41(b) where plaintiffs "intentionally failed to file a RICO case statement . . . in violation of [the] court's RICO Standing Order").

As shown above, Plaintiff has consistently failed to comply with this Court's Standing Order, despite being put on notice that non-compliance could lead to dismissal, and under circumstances demonstrating that Plaintiff's non-compliance is intentional. Moreover, the Court's

Service Order specifically required Plaintiff to serve Jillian Jacobson by no later than May 26, 2019. Notwithstanding these requirements, Plaintiff has failed to serve the LEC Defendants, despite contact information for both Luxury Elite Concepts and Jillian Jacobson being publicly available through the Florida Secretary of State's records. Because Plaintiff has failed to serve these Defendants, Plaintiff has not been able to obtain the necessary payroll information and documents required to be exchanged by the Court's Standing Order. As the Marriott Defendants do not have such records, Plaintiff's failure not only prevents the Parties from engaging in the Settlement Conference required by the Standing Order but also prevents the Parties from being able to address the merits of Plaintiff's claims in litigation.

Given Plaintiff's non-compliance with the Court's Standing Order (with full and fair warning that non-compliance can lead to dismissal), the Court should dismiss the Complaint in its entirety under Rule 41(b), the Court's inherent authority, or both.

Respectfully submitted this 29th day of May, 2019.

KABAT CHAPMAN & OZMER LLP

*/s/ Nathan D. Chapman*
Nathan D. Chapman
Florida Bar No. 028873
nchapman@kcozlaw.com
Daniel H. Gaynor
(Admitted *pro hac vice*)
dgaynor@kcozlaw.com
Matthew A. Keilson
Florida Bar No. 1002294
mkeilson@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Tel.: (404) 400-7300
Fax: (404) 400-7333

*Counsel for Defendants Starwood Hotels & Resorts Worldwide, LLC (formerly known as Starwood Hotels & Resorts Worldwide, Inc.) and Marriott International, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on May 29, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        KABAT CHAPMAN & OZMER LLP

        */s/ Nathan D. Chapman*
        Nathan D. Chapman
        Florida Bar No. 028873
        nchapman@kcozlaw.com
        171 17th Street NW, Suite 1550
        Atlanta, Georgia 30363
        Tel.: (404) 400-7300
        Fax: (404) 400-7333

        *Counsel for Defendants Starwood Hotels & Resorts Worldwide, LLC (formerly known as Starwood Hotels & Resorts Worldwide, Inc.) and Marriott International, Inc.*