UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23613-Civ-WILLIAMS/TORRES

GUILLERMO SANTANA, and other
similarly situated individuals,

    Plaintiff,

v.

STARWOOD HOTELS & RESORTS
WORLDWIDE, INC. d/b/a THE ST. REGIS
BAL HARBOUR RESORT; STARWOOD
HOTELS & RESORTS WORLDWIDE, LLC;
MARRIOTT INTERNATIONAL, INC.;
LUXURY ELITE CONCEPTS LLC and
JILLIAN JACOBSON,

    Defendants.

_____/

**REPORT AND RECOMMENDATION
ON THE MARRIOTT DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Marriott International, Inc.'s ("Marriott") and Starwood Hotels & Resorts Worldwide, LLC's ("Starwood LLC") (collectively, the "Marriott Defendants") motion to dismiss against Guillermo Santana ("Plaintiff"). [D.E. 36]. Plaintiff responded to Defendants' motion on June 12, 2019 [D.E. 39] to which Defendants replied on June 19, 2019. [D.E. 40]. Therefore, Defendants' motion is now ripe for disposition. After careful consideration of the

1

motion, response, reply, and the record presented, Defendants' motion to dismiss should be **DENIED**.[1]

## I. APPLICABLE PRINCIPLES AND LAW

In ruling on a motion to dismiss, the Court takes the allegations in the complaint as true and construes the allegations "in the light most favorable to the plaintiffs." *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citing *Hoffman–Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)). "When considering a motion to dismiss, all facts set forth in [Plaintiff's] complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) "is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted) (alteration in original). "To survive a motion to dismiss, a complaint must contain sufficient

---

[1] On November 13, 2019, the Honorable Kathleen Williams referred Defendants' motion to the undersigned Magistrate Judge for disposition. [D.E. 48].

factual matter . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Factual content gives a claim facial plausibility. *Id.* "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

## *II. ANALYSIS*

Plaintiff filed this action on September 5, 2018 [D.E. 1], alleging violations of the Fair Labor Standards Act ("FLSA") on behalf of himself and other individuals similarly situated. On September 13, 2018, the Court issued a Standing Order of Practice in FLSA Cases ("Standing Order") [D.E. 8] and directed Plaintiff to file a statement of claim. The Court also directed the parties to confer on whether they would consent to the undersigned's jurisdiction. If the parties failed to reach an agreement, the Court compelled the parties to attend a settlement conference before the undersigned within twenty-eight days after the date of Defendants' response to the statement of claim. As a prerequisite for the settlement conference, the Court required the parties to exchange all payroll documents and to contact the undersigned's chambers for a time and date. [D.E. 8] ("The Settlement Conference may not be scheduled until all payroll documents are exchanged between the parties and reviewed by Plaintiff's counsel with the client.").

On October 24, 2018, the Marriott Defendants emailed Plaintiff's counsel as to how the parties should proceed with the service of payroll documents before the scheduling of the settlement conference.  [D.E. 18-1].  Plaintiff did not provide a substantive response.  On November 6, 2018, Plaintiff's counsel notified the Marriott Defendants that they contacted the undersigned's chambers to schedule a settlement conference.  *See id*.  The Marriott Defendants replied on November 9, 2018 to request an explanation as to why Plaintiff requested a settlement conference without first conferring on the service of payroll documents.  Plaintiff agreed that the settlement conference could not be scheduled without the required payroll documents but later changed course as the parties continued their discussions on how to proceed.  Because the parties could not agree on how to move forward, the Marriott Defendants filed a motion to stay the settlement conference on November 19, 2018.  [D.E. 18].

On November 28, 2018, the Court granted in part and denied in part the Marriott Defendants' motion to stay.  [D.E. 23].  Specifically, the Court stated that the settlement conference would be delayed until at least February 25, 2019 so that Plaintiff could have more time to serve the remaining defendants in this case.  The Court granted Plaintiff extended time because otherwise a settlement conference, without the remaining defendants, may be unproductive.

The Marriott Defendants then filed a motion to dismiss on April 18, 2019 [D.E. 26] because Plaintiff failed to serve the remaining defendants.  Approximately one week later, Plaintiff filed a motion for an extension of time seeking ninety

4

additional days to serve the remaining defendants. The Court granted in part Plaintiff's motion and required Plaintiff to effectuate service on or before May 26, 2019. If Plaintiff failed to effectuate service on or before that date with a valid proof of service filed on the docket, the Court warned Plaintiff that those defendants would be dismissed without prejudice pursuant to Rule 4(m). [D.E. 31]. The Court also denied the Marriott Defendants' motion to dismiss without prejudice and stated that they may renew their motion after the May 26, 2019 deadline to the extent Plaintiff failed to serve any other defendant. Because Plaintiff failed to serve any other defendant and the time to do so has long since passed, the Marriott Defendants now seek to dismiss Plaintiff's complaint for failing to comply with a court order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. *See Equity Lifestyle Props., Inc.* v. *Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); *see also Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").[2] Dismissal without prejudice is generally appropriate where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." *Owens v.*

---

[2] A district court may also dismiss for failure to comply with the local rules. *See World Thrust Films v. Int'l Fam. Entm't*, 41 F.3d 1454, 1456 (11th Cir. 1995).

*Pinellas Cty. Sheriff's Dep't*, 331 F. App'x 654, 655 (11th Cir. 2009) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)); *see also Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) ("[U]nder Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss a suit for failure to prosecute or failure to comply with an order.").

On the other hand, dismissal of a case *with prejudice* is considered "a sanction of last resort" and should only be applied in "extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *see also World Thrust Films*, 41 F.3d at 1456 (stating that dismissal is a "drastic sanction"); *Dynasty Mgmt., LLC v. Umg Recordings, Inc.*, 759 F. App'x 784, 788 (11th Cir. 2018) (quoting *Morewitz v. West of Eng. Ship Owners Mut. Protection and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995) ("A district court cannot impose a dismissal with prejudice unless there is 'clear record of delay or contumacious conduct by the plaintiff.'")). A dismissal with prejudice may only be imposed when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *World Thrust Films,* 41 F.3d at 1456. Mere negligence is insufficient to justify a finding of delay or willful misconduct. *See McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986).

The Marriott Defendants seek to dismiss this case because Plaintiff failed to comply with the Court's Standing Order, despite notice that non-compliance could lead to dismissal. The Marriott Defendants suggest that Plaintiff has wasted an

6

excessive amount of time and that this case has been unnecessarily delayed. And more importantly, the Marriott Defendants claim that, without service on the other defendants, they are unable to obtain the necessary payroll documents to proceed with a settlement conference or the disposition of this case.[3] For these reasons, the Marriott Defendants request that this case be dismissed.

Plaintiff's response is that he never intentionally violated a Court Order to warrant the dismissal of this case and that his unsuccessful attempts to serve the remaining defendants should not be held against him. Plaintiff claims that the other defendants are evading service and despite his forty-three attempts to serve them, he has been unable to do so. Plaintiff also takes issue with the contention that the Marriott Defendants are not in possession of any payroll records because there is nothing that Plaintiff can do if the other defendants evade service.[4]

Putting that aside, Plaintiff contends that this case should move forward against the Marriott Defendants because they were his joint employers. While Plaintiff would have preferred to seek relief against his other employers in the same action, Plaintiff claims that this is unnecessary because "all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek." 29 C.F.R. § 791.2. Plaintiff reasons that

---

[3]   The Marriott Defendants state that they have never employed Plaintiff and that they do not have any payroll documents to defend this case.

[4]   The Court dismissed Plaintiff's complaint against the other defendants on August 27, 2019 [D.E. 42] because there no evidence of service as required under Rule 4(m).

liability does not depend on whether the Marriott Defendants are in possession of adequate time records but on whether they are liable under the FLSA.

To prove liability, Plaintiff suggests that he need only prove that the Marriott Defendants employed him, that they permitted him to work overtime, and that they failed to pay him the required wage for his overtime hours. To the extent the Marriott Defendants wish to rely on payroll records, Plaintiff argues that the burden is on the Marriott Defendants – not Plaintiff – to produce the records for their defense. Plaintiff also states that the FLSA does not even require an employer to maintain payroll records because they are unnecessary in the disposition of the allegations presented:

> [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . [t]he solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work . . . In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946). In other words, Plaintiff claims that this case should proceed because, even in the absence of payroll records, the Marriott Defendants can be held liable under the FLSA. Therefore, Plaintiff concludes that he should not be penalized with the dismissal of this case because his failure to serve the other defendants was through no fault of his own.

We begin with the Standing Order that the Court issued on September 13, 2018. [D.E. 8]. The Standing Order directed the parties to attend a settlement conference within twenty-eight days after the date of the response to Plaintiff's complaint. The Order then states that the settlement conference may not be scheduled until all payroll documents are exchanged between the parties and reviewed by Plaintiff's counsel with his client.

The Marriott Defendants argue that Plaintiff willfully violated the Standing Order because Plaintiff failed to serve the other defendants who are in possession of the payroll documents. While there is no dispute that Plaintiff failed to serve each defendant, there is nothing in the record that Plaintiff acted intentionally or in bad faith. The Marriott Defendants also contend that Plaintiff's failure is inexcusable because Florida law provides a specific, straightforward statutory mechanism for serving defendants who may be evading service. This argument is misplaced because, even if Florida law provides an alternative method of service, there is nothing to suggest that Plaintiff's conduct was intentional, willful, or deliberate. *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) ("Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice."). The most that one can infer is that Plaintiff was negligent in failing to use every statutory mechanism available to serve an evasive defendant – a threshold that the Eleventh Circuit has repeatedly found to be insufficient to warrant dismissal. *See McIntosh v. Gauthier*, 182 F. App'x 884, 886 (11th Cir. 2006)

9

("Simple negligence does not warrant dismissal.") (citing *McKelvey v. AT & T Techs., Inc.,* 789 F.2d 1518, 1520 (11th Cir. 1986)).

The Marriott Defendants also complain that this case should be dismissed because, without any payroll records, the parties have no way of addressing the merits of Plaintiff's allegations. This argument is futile because, as touched upon earlier, FLSA cases are routinely litigated when neither the plaintiff nor the defendant is in possession of payroll records. And even if payroll records were required, the Marriott Defendants assume, without any justification, that they have no way of obtaining the information sought. The Marriott Defendants have, for example, a plethora of discovery devices (i.e. depositions) that can reveal the number of hours that Plaintiff worked. The Marriott Defendants could also seek to enforce a subpoena against the defendants that Plaintiff failed to serve. This may be a viable option because the Marriott Defendants suggest that they know which party is in possession of Plaintiff's payroll records. Either way, there are several tools available to obtain either the payroll records themselves or the number of hours that Plaintiff worked. Accordingly, the suggestion that this case cannot proceed, in the absence of any payroll records, lacks merit.

The Marriott Defendants then argue – for the first time – in their reply that their motion should be granted because the defendants that are no longer in this case are indispensable parties. The Marriott Defendants also claim that, without payroll records, there will be no way to identify any potential opt-in plaintiffs if this

10

case proceeds as a class action. Thus, the Marriott Defendants reason that, at a minimum, every allegation seeking class wide relief should be dismissed.

We need not consider these arguments because "a party cannot introduce new evidence or new arguments in a reply brief." *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, 2019 WL 4686353, at *1 (N.D. Ala. Feb. 28, 2019) (citing *Pacquiao v. Mayweather*, 2010 WL 3271961, at *1 (D. Nev. Aug. 13, 2010) ("[T]o the extent that a party raises a new argument or proffers new evidence and information in a reply brief [to a motion to dismiss], that argument or evidence is improper because the opposing party is deprived of an opportunity to respond."); *Cost Recovery Servs. LLC v. Alltell Commc'ns, Inc.*, 259 F. App'x 223, 226 (11th Cir. 2007) (holding that a party cannot raise a new argument or evidence in a reply brief to a motion for summary judgment without giving the non-movant an opportunity to respond)). The reason for this rule is because new arguments presented in a reply go outside the scope of the initial motion and it deprives the opposing side of a meaningful opportunity to respond. *See, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that the district court erred when the defendants presented new evidence in a reply brief and the district court denied the plaintiffs' motion to strike and plaintiffs' surreply).

Here, the Marriott Defendants' motion focused solely on whether Plaintiff's failure to serve the other parties in this case should result in dismissal. When Plaintiff responded to that argument and stated how he attempted to comply with the Court's Orders, the Marriott Defendants shifted focus. This is impermissible

because the arguments raised in the reply go well beyond the scope of the relief sought in the initial motion. The Marriott Defendants provide arguments related to class wide relief, indispensable parties, and how Plaintiff cannot provide notice to any potential opt-in plaintiffs. The Court will not consider any of these arguments because Plaintiff has not had an opportunity to respond. *See Miccosukee Tribe of Indians of Florida v. United States*, 619 F.3d 1286 (11th Cir. 2010) (ignoring arguments in reply brief exceeding the scope of the motion and response). Accordingly, the Marriott Defendants' motion to dismiss should be **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Marriott Defendants' motion to dismiss be **DENIED**. The Marriott Defendants' answer should be filed within fourteen (14) days.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 20th day of November, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge